JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BRAHIEM CARTER

**DEFENDANTS**
CITY OF PHILADELPHIA, et al

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher Markos, Esq., Williams Cuker Berezofsky,
1515 Market Street, Suite 1300, Philadelphia, PA 19102
(215) 557-0099

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
      Proceeding

☐ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      Another District
      *(specify)*

☐ 6  Multidistrict
      Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
Malicious prosecution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   Diamond
DOCKET NUMBER   12-5690

DATE
12/18/14

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1445 E. Howell Street, Philadelphia, PA 19143

Address of Defendant: 3579 Gaul Street, Philadelphia, PA 19134

Place of Accident, Incident or Transaction: 6713 Gillespie Street, Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: 12-5690  Judge: Diamond  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☒  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Christopher Markos, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 12/18/14 _____  308997

Attorney-at-Law  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/18/14 _____  308997

Attorney-at-Law  Attorney I.D.#

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

BRAHIEM CARTER
      v.
CITY OF PHILADELPHIA, et al.

:          CIVIL ACTION
:
:
:
:          NO.
:

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x )

| 12/18/14 | Christopher Markos | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-557-0099 | 215-557-0673 | cmarkos@wcblegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRAHIEM CARTER,** | : | |
| | : | **Docket No.:** |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **Law Department** | : | |
| **1515 Arch Street, 14th Floor** | : | |
| **Philadelphia, PA 19102** | : | |
| **and** | : | |
| **POLICE OFFICERS  JOHN L.** | : | |
| **SPEISER BADGE NO. 7169,** | : | |
| **THOMAS LICIARDELLO BADGE** | : | |
| **NO. 4383, and BRIAN REYNOLDS** | : | |
| **BADGE NO. 4268,** | : | |
| | : | |
| **Defendants.** | : | |

**Complaint (Civil Action)**

**I. PRELIMINARY STATEMENT**

1. In December 2012, local media revealed that several members of the Philadelphia Police
   Department's Narcotics Field Unit had, for a significant length of time, used improper
   and unconstitutional means to investigate and prosecute narcotics violations, including
   acquiring warrants by misrepresentation, illegally entering private property, illegally
   searching and detaining persons and property, and subjecting individuals to unlawful
   arrest, detention, and prosecution. Philadelphia District Attorney Seth Williams
   announced he would no longer accept testimony from Officers Michael Spicer, Thomas

Liciardello, Brian Reynolds, Perry Betts, Brian Speiser, and Lt. Robert Otto in drug cases, believing each had lost their credibility, and would no longer accept narcotics charges when any of these officers is a necessary witness. Since then, numerous cases these officers have been involved with have been dismissed or overturned. In fact, there is a longstanding history of egregious illegal and unconstitutional conduct on the part of Philadelphia Police Officers engaged in narcotics enforcement. Plaintiff brings this action under 42 U.S.C. § 1983 for money damages and other relief. Plaintiff seeks redress for false arrest and malicious prosecution, committed in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

## II. JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(1), (3), and (4). This Court has jurisdiction to adjudicate plaintiff's state law claims under 28 U.S.C. § 1367(a).

3. Venue is properly laid in this judicial district, as all defendants are found therein, and all acts and events giving rise to the complaint occurred therein.

## III. PARTIES

4. Plaintiff Brahiem Carter is a citizen of the United States with a residence in the Commonwealth of Pennsylvania at the above captioned address, and at all relevant times to this case was in the Eastern District of Pennsylvania.

5. Defendant City of Philadelphia is a municipality in the Commonwealth of Pennsylvania and owns, operates, manages, directs, and controls the Philadelphia Police Department

("PPD"), and, by and through its officials with final authority to do so, promulgates, implements and maintains policies, practices and procedures for the Department and its police officers.

6.  Defendants Liciardello, Speiser, and Reynolds ("defendant officers") are police officers for the Philadelphia Police Department and assigned to the Narcotics Field Unit ("NFU"). The defendant officers are sued in their individual capacities.

7.  At all relevant times, all defendants were acting in concert and conspiracy and their actions deprived plaintiff of his/her constitutional and statutory rights.

8.  At all relevant times, all defendants acted under color of state law.

## IV. FACTUAL ALLEGATIONS

9.  On or about November 15, 2010 plaintiff was residing at 6713 Gillespie Street in Philadelphia.

10. At that time and in the vicinity of 6713 Gillespie Street, defendant Liciardello, Speiser, and Reynolds were purportedly conducting surveillance in their capacity as NFU officers.

11. Defendant falsely represented that the surveillance was warranted based on an unidentified informant.

12. At no time on November 15, 2010 was plaintiff illegally in possession of any drugs, contraband items or materials, or engaged in any criminal conduct.

13. During the evening on November 15, 2010, plaintiff had left 6713 Gillespie Street to run errands for his family.

14. While he was driving, Carter began to believe he was being followed.

15. Carter circled the block where he lived, still believing he was being followed.

16. Carter parked his car and walked towards a crowded area.

26. On December 3, 2012, in light of its knowledge of the foregoing, the District Attorney's Office issued a letter to the Commissioner of the Philadelphia Police Department, declaring that the District Attorney would no longer accept testimony from Liciardello, Speiser, and Reynolds, *inter alia*.

27. On or about January 14, 2013, Carter's charges were *nolle prossed*.

28. As a result of the foregoing, plaintiff suffered significant damages and harms, including but not limited to:

     a)     loss of liberty;

     b)     emotional distress;

     c)     deprivation of property;

     d)     interference with his daily activities;

     e)     deprivation and/or delay of educational opportunities,

some or all of which are ongoing and/or permanent.

29. Plaintiff's damages and harms were caused by the culpable conduct of defendants, as alleged in greater detail hereinbelow.

30. The conduct of the defendant officers was carried out in wanton and outrageous disregard for the Constitution and plaintiff's rights thereunder, and was motivated solely by their self-interest, completely unrelated to the administration of justice, thereby warranting an award of exemplary damages against them.

### V. CAUSES OF ACTION

### COUNT I
### Plaintiff v. Liciardello, Speiser, and Reynolds
### 42 U.S.C. § 1983

17. Soon thereafter, Carter was surrounded and seized by defendant officers, without legal justification for doing so.

18. Defendant officers drove Carter back to 6713 Gillespie Street, took Carter's keys, and entered the residence without legal justification for doing so.

19. Defendant officers falsely claimed to have found drugs, weapons, and contraband which they attributed to Carter.

20. While searching Carter's residence, defendant officers seized property for their own use.

21. Despite the absence of any evidence or probable cause for his arrest, defendant officers issued a criminal complaint against Carter, falsely asserting that drugs, weapons, and contraband were found in Carter's residence and automobile.

22. On the basis of the defendant's false representations and the related criminal complaint, Carter was charged with various weapons and drugs offenses.

23. Defendant officers offered false statements in testimony in Carter's preliminary hearing on or about February 22, 2011.

24. At the time of his arrest and prosecution, the Philadelphia District Attorney's Office and the Philadelphia Police Department were aware of a long-standing pattern of misconduct perpetrated by defendant officers.

25. Said pattern included the fabrication of probable cause of searches and seizures, false arrests, misleading and or deceptive affidavits and other statements of probable cause, fabrication of confidential informants, theft of money and other property from suspects and arrestees, and the provision of unreliable and false evidence and testimony in the course of numerous investigations and prosecutions.

31. Plaintiff incorporates by reference each of the foregoing paragraphs as though each were set forth herein in their entirety.

32. Plaintiff suffered the harms and damages alleged hereinabove as a direct and proximate result of defendants' violation of his rights under the Fourth and Fourteenth Amendment to be free from malicious prosecution, wrongful conviction and incarceration, and deprivation of liberty and property without due process.

**COUNT II**
**Plaintiff v. Liciardello, Speiser, and Reynolds**
**42 .S.C. § 1983 (Conspiracy)**

33. Plaintiff incorporates by reference paragraphs 1 through 30 as though each were set forth in their entirety.

34. Defendants, acting within the scope of their employment as police officers and under color of state law, agreed between themselves and/or other individuals to act in concert to deprive plaintiff of clearly established Constitutional rights, as alleged hereinabove.

35. In furtherance of the conspiracy, defendants engaged in and/or facilitated multiple overt acts, including but not limited to:

    a)    fabricating probable cause to arrest plaintiff;

    b)    fabricating evidence to advance plaintiff's prosecution and/or conviction;

    c)    providing false corroboration of each other's false statements and accounts;

    d)    stealing and retaining money and/or other property belonging to plaintiff, and falsifying reports regarding plaintiff's property.

36.  As a result of defendants' conspiracy and acts in furtherance of it, plaintiff suffered the

harms and damages alleged hereinabove.

**COUNT III**
**Plaintiff v. City of Philadelphia**
**42 U.S.C. §1983**

37. Plaintiff incorporates each of the foregoing paragraphs as though each were set forth

herein in their entirety.

38. There is longstanding and well-known history of Philadelphia Police Officers engaging in

egregious, illegal, and unconstitutional conduct in the course of investigating and

prosecuting narcotics offenses, including:

   a.  the "One Squad Scandal" of the early 1980's when Philadelphia narcotics officers

   were convicted of selling drugs stolen from dealers;

   b.  federal convictions of the "Five Squad" for, among other things, racketeering in

   the 1908s;

   c.  The 39th District scandal that came to light in 1995 when members of the 39th

   Police District were federally prosecuted and convicted of violating the rights of,

   and stealing from, Philadelphians;

   d.  federal narcotics convictions that were overturned in 1998 when internal affairs

   found that a Philadelphia Police Department narcotics officer was potentially

   corrupt; and

   e.  the events described in the Philadelphia Daily News series titled "Tainted

   Justice."

39. The individual defendants' violations of plaintiff's constitutional rights and his related damages were caused, encouraged, tolerated and/or ratified through longstanding policies, practices, customs, and usages maintained by the City of Philadelphia and its Police Department.

40. These polices, practices, customs, and usages, all maintained with deliberate indifference, included but were not limited to:

    a.   failure to supervise, monitor, or properly train officers adequately in the proper exercise of police powers;

    b.   failure to supervise, monitor, and properly train police officers adequately regarding false arrest, malicious prosecution, and citizens' constitutional and civil rights;

    c.   failure to supervise, monitor, and properly train police officers regarding their duty to report and disclose the misconduct and illegal actions of other officers;

    d.   failure to monitor police officers whose conduct it knew violated constitutional and legal requirements; and

    e.   failure to supervise, investigate, or discipline appropriately defendants and other officers it knew violated citizens' rights on a repeated basis, and/or repeatedly provided false or fabricated evidence in the course of investigations, arrests, and prosecutions.

41. With respect to defendants and other NFU officers, the City and its high-ranking officials were aware of numerous facts and circumstances from which it did know, or could have and should have inferred, that defendants were engaged in a longstanding pattern of

illegal and unconstitutional conduct consistent with the conduct by which they victimized plaintiff.

42. Such facts and circumstances included but were not limited to:

    a.  numerous citizen complaints against the officers;

    b.  numerous civil lawsuits against the officers and discovery obtained therein;

    c.  numerous complaints by other officers, including complaints forwarded to the Department's Internal Affairs Division;

    d.  numerous successful motions to suppress evidence purportedly obtained by the officers in the course of their investigation.

43. Despite these facts and circumstances, and the known conduct of defendants, the City and its officials remained deliberately indifferent to them and the risks they engendered for the violation of citizens' rights, and failed to take any meaningful actions to address them.

44. Further, the City of Philadelphia is deliberately indifferent to the need to train, supervise, and discipline police officers.  The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

    a.  There are excessive and chronic delays in resolving disciplinary complaints;

    b.  There is a lack of consistent, rational, and meaningful disciplinary and remedial actions;

    c.  There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct;

d.  The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

e.  The PPD's discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not penalized in proportion to the number of violations;

f.  The conduct of IAD officers demonstrates that PPD internal affairs personnel are inadequately trained and supervised in the proper conduct of such investigations;

g.  A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

h.  There are serious deficiencies in the quality of IAD investigations and the validity of the IAD's findings and conclusions;

i.  The PPD lacks an effective early warning system to identify, track, and monitor "problem" officers;

j.  Despite the fact that the defendant officers and others assigned to the NFU had amassed an exceptionally large number of serious misconduct complaints, the officers stayed well below the radar of any early warning system;

k.  Despite numerous prior complaints against the defendant officers, the PPD took no meaningful disciplinary or remedial actions;

l.  Despite numerous prior complaints against the defendant officers, the PPD took no meaningful steps to more closely monitor, retrain, and supervise the officers;

m.  IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct.  The interviews that are conducted by IAD are

below standards of acceptable police practice and fail to address key issues in the

cases.

45. As a result, defendants operated in a "culture" that facilitated and encouraged their

unconstitutional misconduct, a culture that was so firmly established as to compromise a

"policy" of the City of Philadelphia, and, as aforesaid, resulted in harm to plaintiff.

## VI. JURY DEMAND

46. Plaintiff demands a jury determination of all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays the Court for judgment in his favor, against all defendants,

individually, jointly and severally, and asks for the following relief:

    a)  compensatory and general damages;

    b)  punitive damages against defendant Liciardello;

    c)  attorney's fees and costs pursuant to 42 U.S.C. § 1988;

    d)  such interest and other costs as are allowed by law;

    e)  such other relief as the Court deems just and equitable.


Respectfully submitted,


Gerald J. Williams, Esquire
Attorney I.D. #36418
Beth G. Cole, Esquire
Attorney I.D. #36419
Christopher Markos, Esquire
Attorney I.D. # 308997
Williams Cuker Berezofsky, LLC
1515 Market Street, Suite 1300

Philadelphia, PA 19102-1929
Phone:  215.557.0099
Facsimile: 215.557.0673
Email: gwilliams@wcblegal.com

Stephen S. Pennington, Esquire
Law Offices of Stephen S. Pennington
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1929
Phone:  215.557.7112
Facsimile: 215.557.7602
Email: spenningtonlaw@aol.com

Dated:  12/18/14